OPINION OF THE COURT
Roy S. Mahon, J.
Petitioner Joseph M. Baker, father and natural guardian of Amanda Baker, applied to this court for an order permitting his 13-year-old daughter Amanda Baker to participate in swim team *173 and track and field athletic activities conducted by the i'espondent school district. By order dated February 20, 2009, this matter was set down to determine whether it is in the best interest of Amanda Baker to participate in the respective athletic teams and whether it is safe for her to do so. On April 1, 2009, both parties appeared before this court to conduct the hearing.
The sole witness was the petitioner Joseph M. Baker. His daughter, Amanda Baker, is 13 years old and is classified as visually impaired due to blindness caused by neurofibromatosis. Mr. Baker is the sole legal custodian for Amanda.
Mr. Baker testified that despite her physical challenges, Amanda retains some degree of visual acuity. She has participated in swimming activities most of her life, including her successful involvement in the swimming activities offered during her seventh grade year. According to Mr. Baker, this is achieved, in part, because Amanda can distinguish color contrasts, such as those present at the bottom of a swimming pool and can perceive and successfully employ the use of a kickboard positioned at the end of her swimming lane, allowing her to avoid collision with the swimming pool wall and to reverse direction in order to continue swimming. When swimming activities are conducted off school grounds, another individual accompanies her to help her avoid hazards.
Mr. Baker indicated that Amanda thoroughly values her participation in school swimming activities. When she was denied the opportunity to continue swimming, she suffered a strong emotional reaction which, according to Mr. Baker, precipitated a significant drop in her school grades.
Mr. Baker also stated that Amanda would like to participate in track and field programs offered by the respondent school district. However, when questioned by the court about how Amanda would be able to run or jump without hazarding herself or others, given the limitations of her sight, Mr. Baker responded that a companion or guide would run with her during training and participation in the specific events. Beyond the presence of this companion or guide, no specific outline or plan was offered to insure Amanda’s safety.
The respondent offered no direct case.
Education Law § 3208-a in pertinent part provides:
“(3) The court shall grant such petition if it is satisfied that it is in the best interest of the student to participate in an athletic program and that it is reasonably safe for him [sic] to do so.”
A review of the four corners of the petition and the testimony adduced at the hearing reveals to the court that the petitioner *174 fully understands the risks and legal consequences attendant to his decision and clearly believes that Amanda’s “best interests” are served by permitting her participation in the swim team and track and field events offered by the respondent school district.
Given her nearly life-long experience with swimming and her successful participation in swimming events during her seventh grade academic year, Amanda has demonstrated that she has overcome whatever limitations her blindness may have imposed upon her, in regard to the sport of swimming. Her record of performance coupled with her keen desire to participate in the respondent school district swimming events and the safeguards put in place by the presence of a companion or guide, give reasonable assurance to the court that it is in her best interest to participate in such swimming activities and that it is safe for her to do so.
While the coúrt ordinarily would not be inclined to depart from an informed and deliberative decision to allow a child to join in school athletics made by a parent, the court is compelled to do so in this instance insofar as Amanda’s participation in track and field events is concerned. No evidence was adduced at the hearing to show that Amanda has successfully undertaken, in the past, participation in track and field events, or that she has achieved a mastery of her visual limitations which would permit her to perceive and avoid unanticipated hazards, which she might encounter during such participation, which could cause her to trip or fall or collide with objects and/or individuals. The absence of a specific plan by either the petitioner or respondent to supervise and monitor her performance in track and field events, beyond the presence of a companion or guide who would run nearby her, militate against Amanda’s involvement in such activities. Should the guide lose contact with Amanda or become disabled during the event, Amanda would certainly be at risk. Such a risk, no matter how infrequent or unlikely, is unacceptable to the court.
Accordingly, after hearing, the court grants that branch of the petition which seeks to permit the infant, Amanda Baker, to participate in swim team activities, but denies that branch of the petition which seeks to permit her involvement in track and field events.